1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT

7                  FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9   JESSE COLLINS,                          1:05-CV-00541-OWW-DLB-HC

10              Petitioner,                  FINDINGS AND RECOMMENDATIONS
                                             RECOMMENDING DISMISSAL OF
11        vs.                                ACTION FOR FAILURE TO OBEY
                                             A COURT ORDER
12
    DERRAL ADAMS, Warden,
13                                           [Doc. 3]

14              Respondent.
    _____/
15
          Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas
16
    corpus pursuant to 28 U.S.C. § 2254.
17
          On April 28, 2005, the court issued an order requiring Petitioner to submit an
18
    application to proceed in forma pauperis OR pay the $5.00 filing fee for this action, within thirty (30)
19
    days from the date of service of that order.  The thirty-day period has passed, and Petitioner has
20
    failed to comply with or otherwise respond to the court's order.
21
          In determining whether to dismiss an action for lack of prosecution, the court must
22
    consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the
23
    court's need to manage its docket; (3) the risk of prejudice to the Respondents; (4) the public policy
24
    favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives.
25
    Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir.
26
    1988).  The court finds that the public's interest in expeditiously resolving this litigation and the
27
28                                              1

court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since April 22, 2005.  The third factor, risk of prejudice to Respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  <u>Anderson v. Air West</u>, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  <u>Ferdik v. Bonzelet</u>, 963 F.2d at 1262; <u>Malone</u>, 833 at 132-33; <u>Henderson</u>, 779 F.2d at 1424.  The court's order of April 28, 2005, expressly stated: "Failure to comply with this order will result in a recommendation that this action be dismissed."  Thus, Petitioner had adequate warning that dismissal would result from his noncompliance with the court's order.

Accordingly, the court HEREBY RECOMMENDS that this action be DISMISSED for Petitioner's failure to prosecute.  These Findings and Recommendations are submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   June 10, 2005**          _____ **/s/ Dennis L. Beck** _____
3b142a                               UNITED STATES MAGISTRATE JUDGE

2