# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE COLLINS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>DERRAL ADAMS, Warden,<br><br>　　　　Respondent.<br>_____/ | CV F   05-00541 OWW DLB HC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>[Doc. 16] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## PROCEDURAL HISTORY

Petitioner is currently in custody pursuant to a judgment of the Superior Court of California, County of Kern on July 18, 1997, for possession of cocaine in violation of California Health and Safety Code section 11350, subdivision (a). Petitioner was sentenced to 25 years to life. (Lodged Doc. 1.)

Petitioner filed a timely notice of appeal to the California Court of Appeal, Fifth Appellate District. (Lodged Doc. 2.) Petitioner filed a petition for review with the California Supreme Court on February 1, 1999. (Lodged Doc. 3.) The petition was denied on March 9, 1999. (Lodged Doc. 4.)

Petitioner filed two post-conviction collateral challenges with respect to the pertinent judgment or claim, both petitions for writs of habeas corpus. The first petition was filed with the

Fifth District Court of Appeal on December 10, 2003, and was denied on December 19, 2003, without comment. (Lodged Docs. 5-6.) The second petition was filed with the California Supreme Court on January 29, 2004, and was denied on December 1, 2004, without comment. (Lodged Docs. 7-8.)

## DISCUSSION

A.      Procedural Grounds for Motion to Dismiss

Respondent has filed a motion to dismiss the petition as being filed outside the one year limitations period prescribed by Title 28 U.S.C. § 2244(d)(1). Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.      Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas

corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on May 29, 2003, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  Here, the Petitioner was convicted on July 18, 1997.  The California Supreme Court affirmed Petitioner's conviction on March 9, 1999.  The time to seek direct review concluded upon the expiration of the 90-day period following denial of review in which Petitioner had to file a petition for writ of certiorari with the United States Supreme Court, i.e. June 7, 1999.[1]  Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 199) (concluding period of "direct review" includes the period within which one

---

[1] See Sup.Ct.R. 13(1)

3

can file a petition for a writ of certiorari in the United States Supreme Court). Petitioner had one year until June 7, 2000, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. Petitioner did not file his federal petition until April 22, 2005, almost five years after the limitations period expired.

C.      Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, ___ U.S. ___, 126 S.Ct. 846 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

As stated above, the statute of limitations began to run on June 7, 1999, and expired on June 7, 2000. As previously stated, Petitioner filed two state post-conviction petitions. The first was filed in the California Court of Appeal, Fifth Appellate District on December 10, 2003, and denied on December 19, 2003, without comment. The second petition was filed in the California Supreme Court on January 29, 2004, and denied on December 1, 2004, without comment. Because both petitions were filed after the expiration of the limitations period, they have no statutory tolling consequences. Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations period has already run); see also Webster v. Moore, 199 F.3d 1256 (11th Cir.2000); Rendall v. Carey, 2002 WL 1346354 (N.D.Cal.2002). Therefore,

1  the instant petition remains untimely.

2  D.     Equitable Tolling

3         The Supreme Court has held that in order for a petitioner to be entitled to equitable
4  tolling he bears the burden of establishing "(1) that he has been pursuing his rights diligently, and
5  (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408,
6  418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v.
7  U.S. Dist. Ct (Kelly), 163 F.3d 530, 541 ((th Cir. 1998), citing Alvarez-Machain v. United States,
8  107 F.3d 696, 701 (9th Cir. 1996), cert denied, 522 U.S. 814 (1997).

9         "[A] 'putative habeas petitioner's mental incompetency [is] a condition that is, obviously,
10 an extraordinary circumstance beyond the prisoner's control,' so 'mental incompetency justifies
11 equitable tolling' of the AEDPA statute of limitations. Laws v. Lamarque, 351 F.3d 919, 923 (9th
12 Cir. 2003) (citing Calderon v. U.S. District Court (Kelly), 163 F.3d at 541.)  The Ninth Circuit
13 has also noted that "'[t]he firmly entrenched common law right to competence persisting beyond
14 trial is a strong indicator of a constitutional due process right' to competency in postconviction
15 proceedings or to a stay of proceedings until competence is regained." Laws, 351 F.3d at 923
16 (citing Rohan ex rel. Gates v. Woodford, 334 F.3d 803, 813 (9th Cir. 2003).  Equitable tolling is
17 available, however, only where a petitioner's alleged mental incompetence somehow made filing
18 a timely petition impossible. Laws, 351 F.3d at 922-23; Spitsyn v. Moore, 345 F.3d 796, 799 (9th
19 Cir. 2003).

20        In Allen v. Lewis, 255 F.3d 798, 801 (9th Cir. 2001) (reversed en banc on other grounds
21 295 F.3d 1046 (2002)), the Ninth Circuit concluded that a petitioner "must show that the
22 'extraordinary circumstances' were the but-for and proximate cause of his untimeliness."  The
23 Ninth Circuit recently affirmed this rule in Espinoza-Matthews v. California, 432 F.3d 1021,
24 1026 (9th Cir. 2005).  There, the Court pointed out that the determination vis-a-vis equitable
25 tolling is "highly fact-dependent" and that the petitioner "bears the burden of showing that
26 equitable tolling is appropriate." Id.

27        In his opposition, Petitioner contends that his petition filed in the California Supreme
28 Court was "timely" filed and was therefore pending for purposes of the AEDPA's tolling

provisions. (Opposition, at 2-3.) Petitioner further contends that due to his lack of knowledge and "mental disorders ranging from cocaine dependence, paranoia, hearing voices to very depressed as he was classified as meeting the Mental Health criteria," he was unable to timely file a petition. (Opposition, at 4.) Petitioner contends that he was taking psychotropic medication for his mental health problems throughout the trial and sentencing up and until 2004, when he was discharged from the mental health treatment.

Initially, Petitioner's claim that because the petition filed in the California Supreme Court was denied on the merits and for lack of diligence, it was deemed timely filed, is without merit. As Respondent submits in his reply, the California Supreme Court denied the petition without comment or citation. (Lodged Doc. 8.) In Evans v. Chavis, the Supreme Court held that when the state court denies the habeas petition without any explanation or indication as to timeliness, the federal court must decide, in the first instance, whether the state habeas petition was filed within a "reasonable" time. The Supreme Court also stated that even if a state court denies a habeas petition on the merits, this does not prove that the court thought the petition was timely. 126 S.Ct. at 850.

In any event, the petition was filed on January 29, 2004, over three and one half years after the expiration of the statute of limitations. Thus, a petition filed after the expiration of the limitations period does not restart the clock at zero or otherwise save a claim from being time-barred. Because the limitations period had already expired, the collateral challenges have no tolling consequence. Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations period has already run); see also Webster v. Moore, 199 F.3d 1256 (11th Cir.2000); Rendall v. Carey, 2002 WL 1346354 (N.D.Cal.2002). Once the statute has run, a collateral action cannot revive it. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Petitioner's vague and conclusory claim that his ignorance of the law entitles him to equitable tolling, is too without merit. The Ninth Circuit has held that claims of ignorance of the law and illiteracy are insufficient to justify equitable tolling. See e.g. Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of

knowledge of law unfortunate but insufficient to establish cause); Kibler v. Walters, 220 F.3d 1151, 1153 (9th Cir. 2000) (lack of knowledge of state law not cause); see also Marsh v. Soares, 223 F.2d 1217, 1220 (10th Cir. 2000); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999); Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir.1991).

With regard to Petitioner's claim that he is entitled to equitable tolling due to his mental condition, it is likewise unpersuasive. Petitioner's claim is in essence that due to his mental condition and prescribed medications, he was not able to function at his full capacity and his thinking was unclear. Petitioner indicates that he was prescribed eleven different medications including, "Mellaril, Thorazin, Trazadone, [and] Colotapin." (Opposition, at 5.) In reviewing the evidence Petitioner has submitted in support of his assertion for equitable tolling, pages nine through twenty cover periods of time ranging from 1997 to 1998, which was before the statute of limitations started to run. (Opposition, at 9-20.) Pages twenty-one through twenty-seven covers the period of time ranging from June 1999 to 2003, which is the time period in which the statute of limitations started to run and Petitioner filed the first state habeas corpus petition. (Opposition, at 21-27.)

As previously stated, the statute of limitations started to run on June 7, 1999, and Petitioner did not file the first state petition until December 10, 2003. Thus, this is the relevant time period for determining whether Petitioner is entitled to equitable tolling. As Respondent correctly submits, the medical reports dated February 17, 2000, and May 4, 2000, reflect that Petitioner was in remission and free of psychotropic medication since April 22, 1999. (Opposition, at 23-24.) These same reports further indicate that Petitioner was discharged from the mental health treatment population on April 22, 2000. (Opposition, at 23-24.) Petitioner then remained free from the mental health treatment population until March 22, 2001. (Opposition, at 25.) Although it appears that Petitioner was subsequently placed into mental health services, in March 2001, and May, 2002, as of May 25, 2003, Petitioner was again in remission and free of psychotropic medication, and was ultimately discharged on May 25, 2004. (Opposition, at 25-27.)

Simply stated, the evidence before the Court does not support a finding that Petitioner

7

was mentally incompetent or that it would have been impossible for him to file a federal petition before the limitations period expired.[2]  Moreover, even if Petitioner suffered from some form of mental illness, Petitioner has failed to provide any specifics regarding how the alleged mental condition caused the substantial delay, of over three years, in filing the instant petition.  As of April 22, 1999, Petitioner was in remission and free of psychotropic medication, and was released from the mental health population on April 22, 2000.  (Opposition, at 24.)  Petitioner remained free until March 22, 2001.  (Opposition, at 25.)  Thus, there was a substantial period of time in which Petitioner was free of his mental health condition and medication, and Petitioner failed to act diligently during this time, and has offered no justification otherwise.  As such, Petitioner has not established a "but-for" connection between any alleged mental health condition and the untimely filing of the instant petition.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED WITH PREJUDICE for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after

---

[2] Further factual development of the record is unwarranted since Respondent has filed a reply to Petitioner's opposition, specifically addressing Petitioner's claim of mental incompetence, and the Court granted Petitioner the opportunity to expand the record by submitting any further evidence he may have in support of his claim of mental incompetency, which he did not do. (Court Doc. 24.) Compare Whalem/Hunt v. Early, 233 F.3d 1146 (9th Cir. 2000) (remanded case back to district court for further factual development because neither respondent nor petitioner were given opportunity to address claim of equitable tolling; Laws v. Lamarque, 351 F.3d 919 (9th Cir. 2003) (remanded case back to district court for further factual development because neither respondent nor petitioner submitted evidence in the form of medical records to determine petitioner's claim for equitable tolling based on incompetency.)

1  service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to
2  28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the
3  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
4  F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

    Dated:   June 28, 2006                         /s/ Dennis L. Beck
    3b142a                              UNITED STATES MAGISTRATE JUDGE